[File No. 7150]

CAROLINE BURKHARDT, Appellant, v. THE STATE OF NORTH DAKOTA, Doing Business as the Workmen's Compensation Bureau, Respondent.

(42 NW2d 670)

Opinion filed April 26, 1950

*Floyd B. Sperry,* and *Hyland & Foster,* for appellant.

*Wallace E. Warner,* Attorney General, *P. B. Garberg,* Assistant Attorney General, for respondent.

GRIMSON, J. Rudolph Burkhardt died from injuries received in a fall from the roof of a barn which he was helping to construct on the farm of John Schmidt near Richardton, North Dakota. An application was duly made on behalf of the widow, Caroline Burkhardt, for compensation under the Workmen's Compensation Law, Title 65 NDRC 1943. It was claimed that Rudolph Burkhardt was employed by Val V. Messner to work as a carpenter on the building of a barn for John Schmidt. The evidence discloses that a preliminary investigation was made by the bureau and the claim denied without a formal hearing. Thereafter a re-hearing was requested. Such a re-hearing was had. The claim was again denied by the bureau. An appeal was taken to the District Court. The findings of the bureau and its dismissal of the claim were affirmed. From that judgment of the District Court an appeal was taken to this court.

It appears from the evidence that Val V. Messner was a carpenter engaged in the building of barns for farmers in that neighborhood. In that occupation he usually was helped by at least two men, one of whom was Rudolph Burkhardt. He had made no payments to the Workmen's Compensation Fund. John Schmidt was a retired farmer. His barn had been destroyed by fire. He arranged with Messner to build a new one for him. John Schmidt paid no premiums to the Workmen's Compensation Fund. The main question for determination in this case is whether Rudolph Burkhardt was working for Val V. Messner or for John Schmidt at the time of the fatal accident.

Instead of bringing suit in district court these proceedings were brought under Sec. 65–0902, NDRC 1943, which reads as follows: "Any employee whose employer has failed to comply with the provisions of Chapter 4 of this title, who has been injured in the course of his employment, wheresoever such injury has occurred, or his dependents, in case death has ensued, in lieu of proceedings against his employer by civil action in court, may file his application with the bureau for an award of com-

pensation in accordance with the terms of this title. The bureau shall hear and determine such application for compensation in like manner as in other claims before the bureau. After the filing of such claim by said injured employee, or his dependents, in case of death, *the bureau shall set a date for a hearing on said claim and notice of said hearing shall be served by registered mail on all interested parties, except that the service on the employer shall be made in the manner now provided for the service of a summons in a civil action and said hearing shall be held upon at least ten days notice.* At such hearing witnesses shall be heard for and in behalf of the claimant and employer and any interested party."

The record shows that Val V. Messner and John Schmidt were both interested parties. They were not made parties to these proceedings. No service was made upon them of a notice of hearing upon the claim. It is true that they were both witnesses at the hearing but they were not notified that their interest or liability was to be determined at that hearing. They were not represented by an attorney nor does the record show that they were given any opportunity to offer evidence on their behalf. The notice of appeal from the decision of the bureau to the District Court was served upon Val V. Messner, together with the specifications of error and undertaking on appeal. That, however, does not cure the failure to serve notice of the original hearing before the bureau. No service thereof was made on John Schmidt. That appeal under the Administrative Act, Chapter 28–32 NDRC 1943, was entirely on the record made before the bureau. No further testimony was taken. No appearance in District Court was made on behalf of Messner or Schmidt. The appeal to this court is upon that same record. No notice of the appeal to the Supreme Court was served on either Messner or Schmidt.

Thus it appears that parties vitally interested in this action were not made parties to these proceedings. No jurisdiction over them was obtained. They did not have their day in court. No binding determination of plaintiff's claim against them one way or the other could be made. In order that a full and fair determination may be made of the issues here involved and jus-

tice done to all the interested parties it is necessary to remand this case so that a hearing on the claim may be had and a notice of said hearing served on all the interested parties as provided by law.

The case is remanded to the District Court with directions to vacate the judgment herein and to remand the case to the Workmen's Compensation Bureau for a hearing on the claim after notice served upon the interested parties as provided by law.

NUESSLE, C. J., and CHRISTIANSON, MORRIS and BURKE, JJ., concur.